**Martha Maud KEMP, Appellant,**

v.

**METROPOLITAN LIFE INSURANCE COMPANY, Mrs. Natalie Kemp Baker, and Mrs. Mary Lou Smith, Appellees.**

**No. 15087.**

United States Court of Appeals, Fifth Circuit.

March 30, 1955.

Wilson & Wilson, Wichita Falls, Tex., Lloyd Tarlton Wilson, Wichita Falls, Tex., for appellant.

J. W. Hassell Jr., Hawkins Golden, Dallas, Tex., Hassell & Hassell, Dallas, Tex., for appellees Natalie Kemp Baker and Mary Lou Smith.

Before BORAH, RIVES and TUTTLE, Circuit Judges.

RIVES, Circuit Judge.

Decision of the first appeal in this case is reported in, 5 Cir., 205 F.2d 857, 862. Upon remand, after hearing the testimony, the district court awarded the proceeds of the life insurance policy to the

sisters of George G. Kemp named in his written change of beneficiary, and denied any recovery to his widow. On the prior appeal we held that the district court had erred in refusing to permit the widow to testify to what her husband had said to her at the time he made the earlier change of beneficiary from his mother to her, that such statements "were admissible to explain his action and to help solve the ambiguity as to the alleged gift"; further that "the District Court erred in refusing to admit testimony from the witness, Mrs. Laura Savage, as to statements made by the insured to or in her presence concerning the policy in question and her testimony as to whether or not the insured stated to her that he had given this policy to his wife or to the community estate"; and still further that "Assuming that the testimony erroneously excluded, together with the other evidence in the case, would have established that the insurance policy was a part of the community estate, then, it seems to us that, in the absence of further testimony, the act of the insured in changing the beneficiary from his wife to his sisters would have constituted an excessive or capricious donation made with at least constructive intent to defraud the wife and would be voidable upon the wife's insistence."

Upon remand the district court heard the testimony of the widow, of Mrs. Savage, and of a Mr. Gragnani, all to the effect that the insured gave the policy to his wife, or had made statements to that effect. On behalf of the sisters, the

district court heard testimony that the insured had recognized at least a moral duty to support them; that he had maintained the home as they grew up; that one of the sisters had little education, was handicapped by a speech defect, and had always done domestic work; that the insured married when he was about 55 years of age, and long after he had acquired this insurance policy. The documentary evidence shows that the last change of beneficiary was in favor of the insured's sisters. The district court could rightly conclude from the evidence that the insured was a man who recognized his obligations to his mother, his sisters and his wife, and that he did what he could to provide both for his sisters and for his wife.

The widow had the rather heavy burden of overcoming the documentary evidence, and of establishing that the insured had made a gift to her of the policy, or if it became a part of the community estate that his act in changing the beneficiary from her to his sisters was in fraud of her rights. The learned district judge was not so satisfied.[1] The inconsistency in ordering the funeral expenses paid out of the policy was apparently in the nature of a rusticum judicium in recognition of the broad equities of the situation. In any event, that part of the judgment was beneficial to the widow and she is in no position to complain. Having due regard to the opportunity of the district court to see and hear the witnesses and to judge of their credibility, we certainly cannot say that its findings are clearly erroneous.

1. "Well, I think we ought to always tread carefully in family affairs. Their hearts are tender, and sometimes outsiders have to take care of internal affairs for them.

"The disposition of this insurance policy would result in funds which would continue as an assistance to those whom he had been assisting for years, and I am sorry, but I cannot find any basis for the thought that he intended to take away from them such assistance as he would be able to provide in this policy after he had passed on, and that he would not and did not intend to give this policy, in its fulness, as thought by his present wife.

"I do think, however, that the funeral expense, which was approximately a thousand dollars or twelve hundred dollars, is properly a community expense, and since she had the benefit of the home, which was also community property, that those funeral expenses should be paid out of this policy, and then the remainder go to the sisters and the brother, or whatever the name is here, Mrs. Baker and Mrs. Smith, and, I believe, Gentlemen, that is a disposition which a fair man would make, if he thought about it, and I find that Mr. Kemp was a fair man, and I think that is what his intention was."

Rule 52(a), Fed.Rules Civ.Proc. 28 U.S.C.A. The judgment is therefore

Affirmed.